**COOPER**, Respondent, v. **WEIL** et al., Appellants. (Supreme Court, Appellate Term. May, 1902.) Action by Michael Cooper against Leopold Weil and another. James, Schell & Elkus, for appellants. Joseph I. Green, for respondent.
FREEDMAN, P. J. This action was brought to recover for heat and power alleged to have been furnished the defendants by the plaintiff for three months under an oral agreement. The facts in the case, as shown by the testimony, are substantially as follows: The defendant leased certain premises for a term of years of one Mrs. Happel. The lease provided that the defendants, together with the other tenants in the building, should jointly operate and maintain the steam apparatus and elevators. The proportionate share to be paid by the defendants was fixed in the lease at the maximum sum of three-fourteenths of the total expense. Subsequently the landlord leased to the plaintiff a large portion of the same building, and by the terms of his lease the plaintiff was required to supervise the operation of the heating, etc. Nothing was said in his lease, however, as to the share of the expense that was to be paid by the defendants, although the defendants were informed by the agent of

the landlord that their share was to be three-fourteenths as aforesaid. The plaintiff sought to recover upon the ground that he went to the defendant Leopold Weil, and stated to him that he (plaintiff) could let the contract for furnishing the entire building with heat, etc., for the sum of $2,100, and that, as the defendants were obligated to pay three-fourteenths of the entire expense, he wanted to know if that sum would be satisfactory, and was told by the defendant Leopold Weil that it was, and to go ahead and let the contract for that sum, which was done, and that for two months thereafter the defendants paid him the sum of $37.50 per month, which was their proportionate share of the total expense at the rate provided for in their lease, viz., three-fourteenths of the whole expense. The defendant Leopold Weil denied having any conversation with the plaintiff in which it was stated that the defendant's share was three-fourteenths of the entire expense, and denied that he had ever agreed with the plaintiff to pay three-fourteenths of the entire expense, and offered in evidence a written modification of their lease, made with the landlord, at a time prior to that of the lease of the plaintiff, by the terms of which modification it was agreed between the landlord and the defendants that the total expense for heat, etc., to be paid by the defendants, should not exceed the sum of $32 per month. They also explained the payment for the first two months at the sum of $37.50 per month by saying that it was the mistake of their bookkeeper, but conceded their liability to the plaintiff at the rate of $32 per month. The offer to introduce in evidence the modification referred to was objected to by the plaintiff's attorney and excluded by the trial court. We think that this was error. The plaintiff's witness, Eccles, who stated that he was present at the conversation between the plaintiff and Leopold Weil, failed to state that anything was said in that conversation as to the exact share that the defendants were liable to pay, and it was only upon the cross-examination of the plaintiff himself that it was brought out that he expressly called the defendant Leopold Weil's attention, in that conversation, that the defendants' proportionate share of the entire expense of furnishing heat, etc., was to be three-fourteenths thereof, and that in reply thereto Weil said: "That is satisfactory. Go ahead and let it." The modification was, therefore, material and pertinent, as bearing upon the probable truth of the statement of Leopold Weil, as it might well be doubted whether the defendant Weil would obligate his firm to pay the sum of $37.50 per month for heat, etc., when he was only required by his lease to pay but $32. The judgment must, therefore, be reversed. Judgment reversed, and new trial ordered, with costs to appellants to abide event. All concur.